UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD A. ENGERT,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) C.A. No. 16-cv-503-MSM-PAS |
| DOMINION DIAGNOSTICS, LLC,<br>    Defendant. | )<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

Richard A. Engert has brought claims of age discrimination under federal and state law against his former employer, Dominion Diagnostics, LLC ("Dominion"). (ECF No. 1). Mr. Engert worked at Dominion as a medical technologist from 2007 until his termination in 2015. Mr. Engert was terminated after his employer learned that he, along with several other employees, were leaving work before the end of their shifts. After the parties concluded discovery, Dominion moved for summary judgment, arguing that the facts are largely undisputed and do not sustain Plaintiff's burden of demonstrating a trial worthy *prima facie* case of a violation of the Age Discrimination in Employment Act (ADEA). In support of its Motion Dominion also contends that Mr. Engert was terminated because he failed to meet the legitimate expectations of his employment and that there is no evidence to rebut its claim that he was terminated for legitimate, nondiscriminatory reasons.

Because the Court finds that there exist genuine issues of material fact in dispute that a jury must resolve, the Court DENIES Dominion's Motion for Summary Judgment. (ECF No. 30).

**Standard of Review**

When making a summary judgment determination, the Court reviews the entire record and considers the facts and inferences in the light most favorable to the nonmoving party. *Continental Cas. Co. v. Canadian Univ. Ins. Co.*, 924 F.2d 370, 373 (1st Cir. 1991). Summary judgment is warranted when "the pleadings [and discovery], together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citing Fed. R. Civ. P. 56(c)). In employment cases, summary judgment is appropriate when the party opposing the motion "rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Feliciano de la Cruz v. El Conquistador Resort & Country Club*, 218 F.3d 1, 5 (1st Cir. 2000); *Bonilla v. Electrolizing, Inc.*, 607 F. Supp. 2d 307, 314 (D.R.I. 2009). The motion must be denied if there is sufficient evidence from which a reasonable jury could infer that the adverse employment action was based on discriminatory animus or that the employer's articulated reason is a sham and the true reason is discriminatory. *Trainor v. HEI Hosp., LLC*, 699 F.3d 19, 28 (1st Cir. 2012); *Smith v. F.W. Morse & Co.,* 76 F.3d 413, 421 (1st Cir. 1996).

Analysis

Because there is no direct evidence of discrimination alleged in this case, the Court follows the analysis enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).[1] Developed for cases like this one, with no "smoking gun," *McDonnell Douglas* sets out a three-step, burden-shifting framework. First, the plaintiff must meet the threshold McDonnell Douglas step that requires him to adduce a *prima facie* case. To do so, he must demonstrate that there is trial-worthy evidence to establish that he suffered an adverse employment action and that the adverse action is causally connected either to his status in a protected class or to his having engaged in protected activity. Evidence sufficient to establish a *prima facie* case creates a presumption of discrimination and moves the analysis to the second McDonnell Douglas step, where the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for the adverse action. If the defendant clears step two, the third and final step places the burden again on the plaintiff to present trial-worthy evidence sufficient to amount to a preponderance that the proffered reason for the adverse action is a sham or mere pretext and that the true reason is unlawful discrimination or retaliation. *Young v. United Parcel Serv., Inc.*, 135 S. Ct 1338, 1354-55 (2015).

To establish a *prima facie* case of age discrimination, a party needs to show that "(i) [he] was over the age of forty, (ii) his work was sufficient to meet his

---

[1] Mr. Engert's state discrimination claims follow the same analysis. *See Neri v. Ross–Simons, Inc.*, 897 A.2d 42, 48 (R.I. 2006) ("This Court has adopted the federal legal framework to provide structure to our state employment discrimination statutes.")

3

employer's legitimate expectations, (iii) his employer took adverse action against him, and (iv) the employer sought a replacement with roughly equivalent job qualifications, thus revealing a continued need for the same services and skills." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 823 (1st Cir. 1991). Dominion asserts that Mr. Engert has failed to prove a *prima facie* case of age discrimination because he cannot show that his work was enough to meet his employer's legitimate expectations. (ECF No. 30 at 6). According to Dominion, Mr. Engert did not meet its legitimate expectations because he left work before the end of his shift on several occasions. Dominion also argues that, even assuming Mr. Engert has met his *prima facie* burden, it has set forth a legitimate nondiscriminatory reason for termination—Mr. Engert's repeated violations of company policies. Finally, Dominion contends there is no evidence in the record supporting Mr. Engert's argument that this reason was pretextual. *Id.*

Mr. Engert objects to the Defendant's Motion for Summary Judgment and maintains that he meets all four factors for proving a *prima facie* claim of age discrimination.[2] He argues that he met Dominion's bona fide expectations by completing his job responsibilities before leaving work and that Dominion did not have an expectation that its employees would work their entire shift if they had completed their assigned duties. (ECF No. 34-1). Further, he challenges Dominion's proffered nondiscriminatory reasons for his termination as pretextual and argues that his termination was instead motivated by age, noting that two medical

---

[2] Mr. Engert was fifty-one years old when he was terminated. ECF No. 31 at 1, ¶ 1.

4

technicians under the age of forty who engaged in the same alleged violations received only written disciplinary actions instead of termination. *Id.* at 10.

After reviewing the filings and the record, listening to oral arguments, and considering the facts and inferences in the light most favorable to Mr. Engert, the Court finds that a genuine dispute of material facts exist that must be resolved by a jury. *See Continental Cas. Co.*, 924 F.2d at 373. It is the jury's role to determine whether Mr. Engert met Dominion's legitimate expectations of job performance as well as to decide if the differing treatment by Dominion in disciplining its employees over the age of forty (compared to the employees under the age of forty) tends to prove discriminatory animus. The parties have presented sufficient evidence indicating that these issues "may reasonably be resolved" by a jury "in favor of either party." *Anderson*, 477 U.S. at 250.

## Conclusion

For the reasons stated, the Court DENIES the Defendant's Motion for Summary Judgment. ECF No. 30.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

September 23, 2020